1  Julie L. Hussey, Bar No. 237711
   JHussey@perkinscoie.com
2  Julian Feldbein-Vinderman, Bar No. 307838
   JFeldbeinVinderman@perkinscoie.com
3  PERKINS COIE LLP
   11452 El Camino Real, Suite 300
4  San Diego, CA  92130-2594
   Telephone:  858.720.5700
5  Facsimile:  858.720.5799

6  Attorneys for Defendant
   Amazon.com, Inc.

                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF CALIFORNIA

| **CSAA INSURANCE EXCHANGE**, | Case No. |
|---|---|
| Plaintiff, | **DEFENDANT AMAZON.COM, INC.'S NOTICE OF REMOVAL** |
| v. | |
| **AMAZON.COM, INC.**, a Washington Corporation, and DOES 1 through 10, inclusive, | [Removed from the Superior Court of the State of California for the County of El Dorado, Case No. PC20200610] |
| Defendants. | Complaint Filed: December 1, 2020 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Amazon.com, Inc. ("Amazon") removes this civil action from the Superior Court of the State of California, County of El Dorado, to the United States District Court for the Eastern District of California, under 28 U.S.C. §§ 1332, 1441, and 1446. Diversity jurisdiction exists because there is complete diversity and the amount in controversy exceeds $75,000.

## I.    INTRODUCTION

1. This lawsuit involves property damage to the Plaintiff's insured's residence from a fire which was allegedly caused by a battery and charger that Plaintiff's insured purchased on Amazon.com through multiple third-party sellers. *See* Compl. ¶¶ 8-9.

2. Plaintiff filed this action on December 1, 2020 in the Superior Court of the State of California, County of El Dorado, Case No. PC20200610. A true and correct copy of the Complaint, including all process, pleadings, and orders served upon Amazon in this action, is attached as Exhibit A.

## II.    THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

3. This action is removable under 28 U.S.C. § 1441 because this Court would have had original jurisdiction under 28 U.S.C. § 1332 had Plaintiff filed this action initially in federal court. Plaintiff is not a citizen of the same state as any of the defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.    Complete diversity exists

4. Plaintiff is a corporation. A corporation is a citizen of its state of incorporation and of the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" means the "actual center of direction, control, and coordination." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Plaintiff is a corporation organized and existing under the laws

of California with its principal place of business in California. It is therefore a citizen of California.

5. Amazon is a Delaware corporation with its principal place of business in Washington. It is therefore a citizen of both Delaware and Washington.

6. The defendants identified as Does 1 through 10 in the Complaint are fictitious parties against whom no cause of action can be validly alleged. To the best of Amazon's information and belief, no fictitiously designated defendant has been served with process, and these fictitious parties may be ignored for purposes of determining removal.

7. Because Plaintiff is a citizen of California, while the only named defendant is a citizen of Delaware and Washington, there is complete diversity.

**B.  The amount in controversy exceeds $75,000**

8. Plaintiff alleges that the amount of loss totals $86,064.17. *See* Compl., ¶¶ 12, 21, 26, and 28. Therefore, Plaintiff's claims involve an amount in controversy in excess of $75,000, exclusive of interest and costs.

**III.  ALL SERVED DEFENDANTS CONSENT TO REMOVAL**

9. Amazon is the only named defendant which has been properly joined and served with the summons and complaint in this action. Amazon consents to removal.

**IV.  THIS FILING IS TIMELY**

10. Plaintiff served Amazon on December 22, 2020. Pursuant to 28 U.S.C. § 1446(b), Amazon filed this Notice of Removal within thirty (30) days after it was served. Removal of this action is therefore timely. *See* 28 U.S.C. § 1446(b).

**V.  VENUE OF REMOVED ACTION**

11. The Eastern District of California is the United States district court for the district and division embracing the state court where this action was filed and is pending. Venue is proper in this Court under 28 U.S.C. § 1441(a).

## VI.   NOTICE TO THE STATE COURT

12.   A copy of this Notice of Removal is being served on all parties and filed with the Superior Court of the State of California, County of El Dorado, where this case was originally filed.

## VII.   PLEADINGS IN THE STATE COURT ACTION

13.   A true and correct copy of all process, pleadings, and orders served upon Amazon in this action, is attached as Exhibit A.  The El Dorado County Superior Court's Case Register of Actions is currently not available online.

## VIII.   NON-WAIVER OF DEFENSES

14.   Amazon expressly reserves all of its defenses.  By removing the action to this Court, Amazon does not waive any rights or defenses available under federal or state law.  Amazon expressly reserves the right to move for dismissal of the Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.  Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim against Amazon or have any substantive merit.

15.   Undersigned counsel states that this removal is well grounded in fact, warranted by existing law, and not interposed for an improper purpose.

WHEREFORE, defendant Amazon.com, Inc. hereby removes the above-entitled case to the United States District Court for the Eastern District of California, and seeks resolution by this Court of all issues raised herein.

DATED:  January 21, 2021         **PERKINS COIE LLP**

By:/s/ *Julie L. Hussey*
   Julie L. Hussey, Bar No. 237711
   JHussey@perkinscoie.com
   Julian Feldbein-Vinderman, Bar No. 307838
   JFeldbeinVinderman@perkinscoie.com

Attorneys for Defendant
Amazon.com, Inc.

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMAZON.COM, INC., a Washington Corporation, and DOES 1 through 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CSAA INSURANCE EXCHANGE

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

EL DORADO CO. SUPERIOR CT.

FILED DEC 0 1 2020

BY A. Leeman, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

**CASE NUMBER:**
*(Número del Caso):*
PC 20200610

BY FAX

The name and address of the court is:
*(El nombre y dirección de la corte es):*
El Dorado County Superior Court
3321 Cameron Park Drive
Cameron Park, CA 95682

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert E. Wall (SBN 108114) The Grunsky Law Firm PC
240 Westgate Drive (831) 722-2444
Watsonville, CA 95076

DATE: DEC 0 1 2020    Clerk, by A. Leeman, Deputy
*(Fecha)*          *(Secretario)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

ISSUED

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* AMAZON.COM, INC., a Washington Corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Assigned to
Judge Dylan Sullivan
For all purposes

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

CEB Essential Forms
ceb.com

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Koenig (CSUB 25633)

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF EL DORADO
3321 Cameron Park Drive
Cameron Park, California 95682
(530) 621-5867                    Fax (530) 672-2413

EL DORADO CO. SUPERIOR CT.
FILED DEC 0 1 2020
BY a. leeuwa
Deputy

CASE NO. PC 20200610

Assigned to
Judge Dylan Sullivan
For all purposes

Plaintiff,
CSAA INSURANCE EXCHANGE
vs.
                Defendant.
AMAZON.COM, INC.

NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE
(Local Rule 7.12.05 and .09)

NOTICE IS HEREBY GIVEN that a CASE MANAGEMENT CONFERENCE in the above entitled case is set for 1:30 on 03/29/21, in Dept. 10. 3321 Cameron Park Drive, Cameron Park, California.

A Case Management Statement must be filed and served not less than 15 days before the Conference.

If a party is demanding a jury trial, pursuant to Civil Code of Procedure section 631(b), a non-refundable jury fee of $150.00 must be deposited with the court on or before the initial Case Management Conference date in this action. Failure to timely deposit the funds will result in a waiver of a jury trial.

At the CASE MANAGEMENT CONFERENCE you will be assigned a Dispute Resolution Conference Date, a Mandatory Settlement Conference Date, and a Trial Date. In lieu of a Dispute Resolution Conference, the parties may elect mediation, binding arbitration, or judicial arbitration.

In addition, the court will make pre-trial orders.

The Court will require full compliance of El Dorado County Local Rules, in particular, the rules governing Trial Court Case Management (rule 7.12.00, et seq.). For additional information regarding the Trial Court Case Management Program visit our website at: www.eldoradocourt.org

You must be prepared to discuss all matters and dates which are the subjects of the Case Management Conference. Telephonic court appearances are provided through the Court. To sign up to appear by telephone please go to the court's website at http://www.eldoradocourt.org/onlineservices/vcourt.html at least five (5) days prior to the scheduled conference.

CMC1                                                    Rev 05/20/13

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF EL DORADO

## NOTICE TO LITIGANTS

### CIVIL TRIAL DELAY REDUCTION AND ALTERNATIVE DISPUTE RESOLUTION REQUIRED PROCEDURES AND TIME LINES

All general civil cases are included in the El Dorado Court's Civil Trial Delay Reduction Program. Local Rules for the El Dorado Superior Court require that you comply with certain procedures and meet certain time lines for these cases. Please see Local Rule 7.12.00 et seq.

Plaintiffs and Cross-Complainant must serve the following documents with the Complaint or Cross-Complaint on all other parties: 1) A copy of this Notice to Litigants; 2) A copy of the Notice of Case Management Conference; and 3) A blank Case Management Statement. This service must be accomplished and proof of service must be filed within 60 days of the filing of the Complaint or Cross-complaint.

A Case Management Conference (CMC) will be held within 120 days of filing of the Complaint. The date and time are indicated on the Notice of Case Management Conference. You must file a completed Case Management Statement at least 15 days prior to the Conference.

At the CMC, the court will assign a Dispute Resolution Conference date, a Mandatory Settlement and Readiness Conference date and a trial date. The court may also assign an Issues Conference date. In lieu of a Dispute Resolution Conference, all parties may elect mediation, private arbitration or judicial arbitration. You may obtain a stipulation and order to participate in alternative dispute resolution and a list of the attorneys on the Dispute Resolution Conference, arbitration or mediation panels from the court's website or the clerk's office.

Dispute Resolution Conferences will be conducted by one attorney temporary judge. You may obtain a list of the attorneys on the panel on the Court's website at www.eldoradocourt.org.

Dispute Resolution Conferences are conducted as early Mandatory Settlement Conferences pursuant to CRC Rule 3.1380 which requires that trial counsel, parties and persons with full authority to settle personally attend, unless excused by the court, and that no later than 5 court days before the conference, each party file and serve on each other party a Settlement Conference Statement with a good faith settlement proposal. The Dispute Resolution conference is conducted by a volunteer settlement attorney.

It is important to review Local Rule 7.12.00 et seq. and El Dorado Superior Court's ADR program with your client. It will increase the possibility of your client's case being resolved at an early, less expensive stage.

### DISPUTE RESOLUTION CONFERENCES REQUIRED PROCEDURES AND TIME LINES

The Court has initiated an Alternative Dispute Resolution (ADR) Program which applies to all civil cases which are subject to these rules; provided, however, that on the joint request of the parties or on its own motion, the Court may order that the program apply to any civil case.

Unless the parties agree to another form of ADR, they will be ordered to participate in a Dispute Resolution Conference (DRC). The DRC will be conducted by a volunteer attorney temporary judge. The DRC will be conducted as a Mandatory Settlement Conference pursuant to California Rules of Court, rule 3.1380, and the parties and counsel are directed to comply with the terms thereof.

Within 7 to 10 days after the Case Management Conference, the court will notify the parties of the DRC temporary judge assigned to the case. It is the responsibility of the plaintiff to contact the temporary judge and arrange for a time and place for the DRC convenient to them and all parties.

At least 10 court days prior to the DRC, each party is to submit to the temporary judge and the other parties a Dispute Resolution Conference Statement which meets the requirements of California Rules of Court, rule 3.1380, and any special requirements set forth below.

Prior to the DRC, the parties are to exchange documents and records pertinent to settlement and shall provide copies of these to the DRC temporary judge.

With leave of court and in lieu of participation in a DRC, the parties may stipulate to private arbitration (binding or non-binding), judicial arbitration, or mediation. The parties may select the neutral from the Court's panel or a private neutral of their choice. The parties will be responsible for any fees associated with arbitration, judicial arbitration or mediation. The Court's panel of neutrals may be obtained from the court's website.

## MANDATORY SETTLEMENT AND READINESS CONFERENCE
## REQUIRED PROCEDURES AND TIME LINES

A **MANDATORY SETTLEMENT AND READINESS CONFERENCE** (MSRC) will be held approximately three to four weeks prior to trial. See CRC Rule 3.1380 and Local Rule 7.12.10.

The MSRC will be conducted as a **MANDATORY SETTLEMENT CONFERENCE** pursuant to CRC Rule 3.1380, which provides:

1. That trial counsel, parties and persons with full authority to settle the case shall personally attend the conference, unless excused by the court for good cause shown; and

2. That no later than five court days before the conference, each party shall submit to the court and serve on each party, a Mandatory Settlement Conference Statement containing a good faith settlement demand and an itemization of economic and non-economic damages by each plaintiff and a good faith offer of settlement by each defendant. The Mandatory Settlement Conference Statement shall set forth and discuss in detail all facts and law pertinent to the issues of liability and damages involved in the case as to that party.

The MSRC will also be conducted as a **TRIAL READINESS CONFERENCE** at which all matters that need to be resolved prior to trial, including matters set at in Rule 7.12.09, paragraphs D and E, shall be before the court. In their MSCR Statements Counsel are to address the following:

1. **Witnesses.** A list identifying all lay and expert witnesses the party intends to call at trial;
2. **Exhibits.** A list identifying all exhibits the party intends to offer at trial.
3. **Jury Instructions.** A jury instructions checklist indicating the BAJI numbers of requested Instructions;
4. **Photographs and Reports.** Each party shall attach to the MSRC Statement copies of relevant documents which may assist the Court in settlement including photographs, diagrams, reports, bills, and contracts.

No later than three days prior to the **MSRC**, the parties are to file and serve Motions in Limine.

EL DORADO CO. SUPERIOR CT.

FILED DEC 0 1 2020

BY A. Leeman
   Deputy

Assigned to
Judge Dylan Sullivan
For all purposes

Robert E. Wall (SBN 108114)
THE GRUNSKY LAW FIRM PC
240 Westgate Drive
Watsonville, CA 95076
Telephone (831)722-2444
Facsimile (831)722-6153
rewall@grunskylaw.com

Attorneys for Plaintiff, CSAA INSURANCE EXCHANGE

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF EL DORADO

| | |
|---|---|
| CSAA INSURANCE EXCHANGE,<br><br>           Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., a Washington Corporation, and DOES 1 through 10, inclusive,<br><br>           Defendants. | No. PC 20200610<br><br>**COMPLAINT FOR DAMAGES IN SUBROGATION** |

### GENERAL ALLEGATIONS

Plaintiff, CSAA INSURANCE EXCHANGE (hereinafter "CSAA"), alleges as follows:

   1.   Plaintiff CSAA is, and was at all times relevant to the subject litigation, a reciprocal inter-insurance exchange duly licensed by the Insurance Commissioner of the State of California to engage in the insurance business in this state.

   2.   Paul Koenig (hereinafter the "INSURED") is, and was at all times relevant to the subject litigation, the owner of a residence located at 712 Shoreline Pointe, El Dorado Hills, California 95762 (hereinafter "INSURED RESIDENCE").

   3.   At all times relevant to the subject litigation, INSURED RESIDENCE was insured by Plaintiff CSAA under a Homeowners' Insurance Policy obligating Plaintiff CSAA to indemnify

1  INSURED against loss or damage to INSURED RESIDENCE due to fire and other risks.

2      4.      Plaintiff CSAA is informed and believes and thereon alleges that Defendant AMAZON.COM, INC. ("hereinafter "AMAZON") is a Washington Corporation doing business in the State of California.

3      5.      Defendant AMAZON is, and was at all times relevant to the subject litigation, engaged in the business of warehousing, marketing, distributing, selling, packaging and/or shipping of products, including HRB brand lithium-ion polymer (LiPo) batteries, for sale to and use by members of the general public.

4      6.      Plaintiff CSAA is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 10, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when ascertained.

5      7.      Plaintiff CSAA is informed and believes and thereon alleges that defendants, and each of them named herein, including fictitiously named defendants DOES 1 through 10, are and were at all times relevant to the subject litigation the agents, employees, partners, and/or joint venturers of the other named defendants, and in doing the things herein alleged, acted with the purpose and scope of said agency, employment, partnership, and/or joint venture; and, the acts of each defendant were authorized and/or ratified by each other defendants.

6      8.      Plaintiff CSAA is informed and believes and thereon alleges that at all times relevant to the subject litigation, HRB Power was one of Defendant AMAZON's FBA (Fulfilled by Amazon) Marketplace Sellers, whereby products offered for sale by HRB Power on AMAZON's website were warehoused, marketed, distributed, sold, packaged and/or shipped to purchasers by AMAZON.

7      9.      Plaintiff CSAA is informed and believes and thereon alleges that on or about January 2, 2020, INSURED purchased an HRB brand LiPo battery from HRB Power through Defendant AMAZON's internet website and thereafter properly charged the subject battery using a battery charger also purchased from an FBA Marketplace Seller through Defendant AMAZON's internet website.

8      10.      Plaintiff CSAA is informed and believes and thereon alleges that on or about February 5, 2020, INSURED was charging the subject HRB brand LiPo battery when it caught fire due to

- 2 -

1 defects in design, manufacture and/or failure to warn in the subject HRB brand LiPo battery.

2 11. As a result of the February 5, 2020 fire, INSURED suffered significant fire and smoke damage to INSURED RESIDENCE, including property damage to the dwelling and its contents.

12. As a direct and proximate result of the February 5, 2020 fire and resulting property damages, Plaintiff CSAA has made payments totaling of $86,064.17 to date, less INSURED's $2,000 out of pocket deductible, in an amount to be proved at trial, and to the extent of said payments became subrogated to all of INSURED's rights and is entitled to enforce all INSURED's remedies against any and all Defendants herein.

## FIRST CAUSE OF ACTION
## STRICT PRODUCTS LIABILITY
### (Against Defendant AMAZON and Does 1 through 10)

13. Plaintiff CSAA re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 12 of this Complaint as though fully set forth herein.

14. Plaintiff CSAA is informed and believes and thereon alleges that the subject HRB brand LiPo battery, and/or a component part(s) thereof, was defective in its design, manufacture and/or failure to warn when it was warehoused, marketed, distributed, sold, packaged and/or shipped by Defendant AMAZON.

15. Defendant AMAZON placed the subject HRB brand LiPo battery on the market in the ordinary course and scope of their businesses as the warehouser, marketer, distributor, seller, packager and/or shipper of the subject battery.

16. Defendant AMAZON knew, or should have known, that the subject HRB brand LiPo battery, and its component parts thereof, would be used by members of the public without inspection for defects.

17. Plaintiff CSAA is informed and believes and thereon alleges that the subject HRB brand LiPo battery, and/or a component part(s) thereof, as warehoused, marketed, distributed, sold, warehoused, packaged and/or shipped by Defendant AMAZON was defective and unsafe for its intended purposes.

18. Plaintiff CSAA is informed and believes and thereon alleges that INSURED at all

- 3 -

1 times used the subject HRB brand LiPo battery in the manner intended.

2. 19. Until the subject HRB brand LiPo battery, and/or component parts thereof, failed, thereby causing the February 5, 2020 fire and resulting property damage, INSURED was unaware of its defective and unsafe conditions.

20. The February 5, 2020 fire and resulting property damages were a direct and proximate result of the above-described defects in the subject HRB brand LiPo battery and/or component parts thereof.

21. INSURED, and by subrogation Plaintiff CSAA, have sustained the property damages in the amount of $86,064.17 to date as a direct and proximate result of the above described defects in the subject HRB brand LiPo battery and/or component parts thereof.

22. INSURED and by subrogation Plaintiff CSAA's, property damages are compensable in monetary damages.

## SECOND CAUSE OF ACTION
## NEGLIGENCE
### (Against Defendant AMAZON and DOES through 10)

23. Plaintiff CSAA re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24. Defendant AMAZON is in the business of warehousing, marketing, distributing, selling, packaging and/or shipping products, including HRB brand LiPo batteries, to the general public, and as such, owed a duty to ensure that the HRB brand LiPo batteries it provides to the public are not defective or unsafe.

25. Defendant AMAZON breached its duty by negligently warehousing, marketing, distributing, selling, packaging and/or shipping the subject HRB brand LiPo battery, such that it was in an unreasonably defective and/or unsafe condition when it was delivered to INSURED.

26. As the direct and proximate result of Defendant AMAZON's breach of its duty not to provide defective HRB brand LiPo batteries to the public, INSURED, and by subrogation Plaintiff CSAA, have suffered property damages in the amount of $86,064.17 to date.

//

CSUB25633(Koenig)\Pleadings\Complaint
*CSAA v. Amazon.com Inc., et al.*
**COMPLAINT FOR DAMAGES IN SUBROGATION**

## THIRD CAUSE OF ACTION
## EQUITABLE SUBROGATION
### (Against Defendant AMAZON and DOES 1 through 10)

27. Plaintiff CSAA re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28. Pursuant to the contract for insurance between CSAA and INSURED, Plaintiff CSAA has paid claims for the property damages described in in the amount of $84,064.17 to date. In addition, INSURED incurred an out of pocket deductible in the amount of $2,000.00 which has been assigned to Plaintiff CSAA or will be assigned to Plaintiff CSAA before trial.

## PRAYER

WHEREFORE, Plaintiff CSAA prays for judgment as follows:

1. For an amount not less than $84,064.17 to be proven at trial within the unlimited jurisdiction of this Court which has been paid by Plaintiff CSAA to or on behalf of INSURED;
2. For the sum of $2,000.00 being the deductible paid by INSURED;
3. For pre-judgment interest according to law;
4. For costs of suit; and
5. For such other and further relief as the court may deem just and proper.

DATED: November 24, 2020　　　　　　　　THE GRUNSKY LAW FIRM PC

By _____
Robert E. Wall,
Attorneys for Plaintiff,
CSAA INSURANCE EXCHANGE

CSUB25633(Koenig)\Pleadings\Complaint
*CSAA v. Amazon.com Inc., et al.*
**COMPLAINT FOR DAMAGES IN SUBROGATION**